IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, ex, rel,, and SYLVIA A. BONNER, | ) ) ) | |
| Plaintiffs, | ) ) | 4:07CV3172 |
| v. | ) ) | |
| FREDERICK E. MCSWINE, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

The defendant, Frederick E. McSwine, has filed a notice of removal (filing 1), a motion for leave to proceed in forma pauperis, (filing 2), and a motion for order of courts record. Filing 12. The defendant's notice of removal alleges this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1443 (1) & (2). The defendant states:

> By virtue of 28 U.S.C. § 1443(1)(2), this court has Jurisdiction to hear and try the Civil case pending against the defendant in the Nebraska State Supreme Court. Removal is sought to protect the rights guaranteed the defendant under the due process and equal protection clauses of Sections 1,& 2, of the Fourteenth Amendment of the Constitution of the United States and 11201 and 204 of Civil Rights Act of 1964 (42 U.S.C. § 2000a, 2000a-2), a law providing for equal civil right, and for specific civil rights stated in terms of the an Opportunity to be heard and the rights to Notice of hearing. Moreover, the defendant has been prosecuted for acts done under color of authority derived from the constitution and laws of the United States.

Filing 1 (notice of removal), p. 1. For the reasons discussed below, this case must be dismissed for lack of subject matter jurisdiction.

## The Pleadings

The court's determination of subject matter jurisdiction rests on the allegations of the defendant's notice of removal and the underlying state court pleadings. See Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005). The notice of removal provides a historical time line and summary of the Nebraska state court proceedings regarding his obligation to pay child support. The state court documents attached to the notice of removal consist of court orders, docket sheets, briefs, and decisions dating back to 1994. Based on these documents, the following allegations are before the court for a determination of subject matter jurisdiction.

May 25, 1994: The defendant appeared before a child support referee regarding the entry of a temporary child support order. The defendant requested additional time to gather relevant financial information. A hearing was set for June 17, 1994. Filing 1 (notice of removal), p. 2. The referee's report stated the parties had stipulated to the entry of a temporary order in the amount of $184.00 a month and that petitioner's counsel was to submit an order to the court. Filing 1-2 (attached state pleadings), ex. 1.

June 3, 1994: The plaintiff's attorney presented a proposed temporary child support order to the district judge. The judge signed and filed it without affording the defendant notice or an opportunity to be heard as required under the Due Process Clause, 42 U.S.C. §§ 654 & 666, and Neb. Rev. Stat. § 43-512.03. Filing 1 (notice of removal), pp. 2-3, 5-6. See also filing 1-2 (state pleadings), ex. 2 (temporary child support order consistent with the referee's report).

June 17, 1994:    For unknown reasons, the hearing scheduled before the referee did not occur.  Filing 1 (notice of removal), p. 2.

June 21, 1994:    The plaintiff's attorney presented a proposed permanent child support order to the district judge.  The judge signed and filed it without affording the defendant notice or an opportunity to be heard as required under the Due Process Clause, 42 U.S.C.§§ 654 & 666, and Neb. Rev. Stat. § 43-512.03.  Filing 1 (notice of removal), pp. 2-3, 5-6.  But see filing 1-2 (state pleadings), ex. 3 (paternity and child support decree dated June 21, 1994 and stating a hearing was held and the defendant appeared pro se).

August 31, 2004:  The plaintiff's attorney filed a Summons and Order to garnish the defendant's institutional account for collection of $23,922.83 of past due child support.  The defendant requested a debtor's hearing.  At the hearing, the defendant claimed his wages should not be garnished because he was not given notice of the June 3 and June 21, 1994 child support hearings.  The defendant's claims were denied on February 2, 2005, and his institutional account was garnished in the amount of $705.45.  The defendant appealed the district court's garnishment decision.  Filing 1 (notice of removal), p. 3; filing 1-2 (state pleadings), ex. 4 (summons and order of garnishment addressed to the Corrections Information and Tracking System as garnishee, with answers provided on September 8, 2004); ex. 5 (February 2, 2005 order of garnishment).  See also filing 1-2 (state pleadings), ex. 8 (docket sheet for garnishment proceedings).

February 7, 2006: The Nebraska Court of Appeals affirmed the trial court's decision. The defendant's request for further review by the

3

|   |   |
|---|---|
|   | Nebraska Supreme Court was denied on March 29, 2006. Filing 1 (notice of removal), p. 3. <u>State of Nebraska ex rel. Bonner v. McSwine</u>, 14 Neb. App. 486, 709 N.W.2d 691 (2006), review overruled (Mar 29, 2006). |
| August 28, 2006: | The defendant had filed, as a separate case, a pro se motion to vacate the garnishment judgment. A hearing was held on that motion on August 28, 2006. The defendant claimed the garnishment judgment must be vacated because he was not given notice of the June 3 and June 21, 1994 child support hearings. The motion to vacate was denied as untimely filed. Filing 1 (notice of removal), pp. 3-4. See also filing 1-2 (state pleadings), ex. 7 at p. 3 (Brief to the Nebraska Supreme Court ). |

The defendant appealed the adverse decision on his motion to vacate. He argued that the garnishment must be vacated because it was entered in violation or Nebraska statutory law and his constitutional right to due process and equal protection secured under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I §§ 3, 11, and 13 of the Nebraska Constitution. The Nebraska Court of Appeals affirmed the trial court's decision, holding that the defendant's motion was untimely filed under Neb. Rev. Stat. §§ 25-2001 & 2008. Filing 1 (notice of removal), p. 4. The filing 1-2 (state pleadings), ex. 7 (Brief to the Nebraska Court of Appeals at p. 8 (filing 1-2, p. 36)).

|   |   |
|---|---|
| May 23, 2007: | The defendant filed a brief seeking further review by the Nebraska Supreme Court. The brief discussed the issues previously raised before the Nebraska Court of Appeals. The filing 1-2 (state pleadings), ex. 6 (Brief to the Nebraska Supreme Court (filing 1-2, p. 14)). |

4

June 13, 2007:    The defendant's petition for further review was denied by the Nebraska Supreme Court. The filing 1-2 (state pleadings), ex. 6 (Nebraska Supreme Court Notice (filing 1-2, p. 13)).

The defendant's notice of removal states "the Garnishment against the defendant is void because it is based on proceedings in which the defendant was denied his constitutional rights to Notice and the Opportunity to be heard by the District Court Judge, under the 5th 6th 14th amendment of the United States Constitutional and Art I §§ 3 & 11 of Nebraska Constitutions, along with federal Statutes." Filing 1 (notice of removal), p. 5. He asks this court to "review of all the evidence in before the State court in which the courts has denied the defendant his rights to due process." Filing 1 (notice of removal), p. 7. He states: "A Copy of this Notice will be filed with the Clerk of the State Supreme Court were this case in now pending for mandate, as required by 28 U.S.C.§1446(d)."[1] Filing 1 (notice of removal), p. 7.

## Legal Analysis

"All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § 1 of the Constitution." Lockerty v. Phillips, 319 U.S. 182, 187 (1943). Removal jurisdiction is therefore completely statutory. A federal court cannot construe jurisdictional statutes any broader than their language will allow. Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971).

---

[1] The opinion of the Nebraska Supreme Court is not a final determination until a mandate has been issued by the court." Leitz v. Roberts Dairy, 239 Neb. 907, 910, 479 N.W.2d 464, 467 (1992).

The defendant's stated basis of removal jurisdiction is 28 U.S.C. § 1443. Pursuant to that statute:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

> Specifically as it applies to removal under 28 U.S.C. § 1443(1):
>
> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975)(internal citations and quotation marks omitted). The defendant has neither alleged in this court, nor argued to the Nebraska appellate courts, that any of the Nebraska state court litigation involved issues of racial inequality. 28 U.S.C. § 1443(1) provides no basis for this court's exercise of subject matter jurisdiction. See Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997)(denying § 1443(1) subject matter jurisdiction over alleged Voting Rights

6

claims where the removing defendant failed to adequately show racial inequality was at issue and that the state courts would not enforce his constitutional rights).

Subject matter jurisdiction is also lacking under 28 U.S.C. § 1443(2). "[T]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Section 1443(2) affords no right to removal to individuals such as the defendant. Id.

Applying a very liberal construction to the defendant's pro se notice of removal, he may also be alleging federal question subject matter jurisdiction. However, under the Rooker-Feldman doctrine, except in habeas cases, district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings.² Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). "The doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging injury caused by the state-court judgment and seeking review and rejection of that judgment." Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005). "In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Neal v. Wilson, 112 F.3d 351, 356 (8th Cir. 1997).

The defendant is raising not only the same facts, but also the same issues of law already addressed by the Nebraska appellate courts. In his notice of removal, he candidly asks this court to again "review of all the evidence before the State court"

---

²Although the defendant is an inmate, the removed case is not a habeas case. The defendant is not challenging his confinement or the duration of his sentence. Muhammad v. Close, 540 U.S. 749, 750 (2004).

7

and determine if the defendant was denied his right to due process. Filing 1 (notice of removal), p. 7. Rooker-Feldman bars this court from exercising subject matter jurisdiction over what is, in essence, a request for appellate review of a Nebraska appellate court ruling in a non-habeas case.

Finally, while an improperly removed case is typically remanded to the state court, there may not have been a pending state case when the defendant filed his notice of removal. At most, the only "pending" matter was issuance of the Nebraska Supreme Court's mandate after it denied the defendant's request for further review. The defendant states, however, that he sent a copy of his notice of removal to the Clerk of the Nebraska State Supreme Court pursuant to 28 U.S.C. § 1446. Therefore, this court's Memorandum and Order of dismissal and accompanying judgment will likewise be provided to the Clerk of the Nebraska State Supreme Court for any proceedings as may be deemed appropriate by that court.

IT IS THEREFORE ORDERED:

1. The defendant's notice of removal and this case are dismissed for lack of subject matter jurisdiction.

2. A judgment dismissing this matter without prejudice will be entered by separate document.

3. The clerk is directed to mail a copy of this Memorandum and Order and the court's judgment of dismissal to the Clerk of the Nebraska Supreme Court.

DATED this 22nd day of August, 2007.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge